UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JOYCE STRUBEN, et al.,** ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
|   vs. ) | CAUSE NO.  1:05-cv-1-DFH/VSS |
| ) | |
| **COLUMBUS REGIONAL HOSPITAL, et al.,** ) | |
| ) | |
|   Defendants. ) | |

### ENTRY ON MOTION TO AMEND COMPLAINT

This cause is before the magistrate judge on the plaintiffs' motion to amend their complaint and the defendants' response thereto.  The plaintiffs have not filed a reply in support of their motion, and the time for doing so has expired.  The magistrate judge, being duly advised, **DENIES** the motion to amend for the reasons set forth below.

Plaintiffs Joyce Struben and Ruth Ann Seward are former employees of the Columbus Regional Hospital pharmacy and allege that they were subjected to "a pattern and practice of disparate treatment," including "constant harassment, verbal abuse, discriminatory work evaluations or illegal and questionable practices" and wrongful termination.  Complaint at ¶¶ 2, 6, and 20.  The plaintiffs assert a variety of claims, including claims for "intentional or negligent infliction of emotional distress, 42 USC 1983 civil rights violation, a constitutional due process violation, at [sic.] Title VII violation and numerous other violations of federal civil rights law, including ADEA and Gender discrimination claims." *Id.* at ¶ 18.

In the instant motion, the plaintiffs seek to amend their complaint to add Jacqueline Junken as an additional plaintiff in this case.  Two rules are implicated by this request.  First, Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings should be "freely

given when justice so requires."  Leave to amend generally should be granted "unless there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'"  Ferguson v. Roberts, 11 F.3d 696, 706 (7th Cir. 1993) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  Second, Federal Rule of Civil Procedure 20(a) provides that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

The plaintiffs argue that it is appropriate to add Ms. Junken as a plaintiff because she also was employed in the Columbus Regional Hospital pharmacy and was subjected to some of the same improper behavior by the pharmacy's management that is alleged in their complaint.  The defendants, on the other hand, argue that permitting the amendment sought by the plaintiffs would be futile because Ms. Junken failed to file an age discrimination suit within 90 days of receiving her right-to-sue letter from the EEOC as required by 42 U.S.C. § 2000e-5.  Specifically, Ms. Junken filed an EEOC charge against the hospital alleging age discrimination and received a right-to-sue letter from the EEOC on February 8, 2005.[1]  While the plaintiffs filed the instant motion exactly 90 days later, on May 9, 2005,[2] Ms. Junken herself has not filed suit.  Therefore, the defendants argue, were the plaintiffs permitted to add her as a plaintiff, her

---

[1]The right-to-sue letter indicates that it was mailed on January 21, 2005; the plaintiffs do not indicate in their motion why Ms. Junken did not receive it until eighteen days later.

[2]The plaintiffs incorrectly state in their motion that 90 days from February 8, 2005, was May 7, 2005.

claim under the ADEA would be subject to dismissal as untimely.

The magistrate judge agrees that the plaintiffs' motion to add Ms. Junken as a plaintiff in this case is not sufficient to preserve her claim under the ADEA. Ms. Junken was required to file suit by May 9, 2005; she did not do so. It therefore would be futile to permit the amendment sought by the plaintiffs, because the amended complaint would be subject to dismissal to the extent that it asserted a claim by Ms. Junken under the ADEA. Accordingly, the motion for leave to amend is **DENIED.** This is not to say that Ms. Junken may not be added as a plaintiff in this case under any circumstances. It appears that an appropriate amended complaint could be crafted adding Ms. Junken as a plaintiff as to some of the other claims asserted in this case. However, such a complaint would have to make it clear which claims are asserted by which plaintiff(s), and could not include a claim by Ms. Junken under the ADEA or Title VII.[3] If the plaintiffs wish to seek leave to amend their complaint in this way, they shall file the appropriate motion **within 21 days of the date of this Entry**.

SO ORDERED:   06/14/2005

_V. Sue Shields_
V. Sue Shields, Magistrate Judge

---

[3] The proposed amended complaint mentions Title VII; however, Ms. Junken's EEOC charge asserts only age discrimination, and therefore it does not appear that she is asserting a claim under Title VII.

Copies to:

Lindsay T. Boyd
ltboyd@lboyd.com

Julie M. Conrad
ICE MILLER
conrad@icemiller.com
lisa.hood@icemiller.com

Edward J. Liptak
CARSON BOXBERGER
ejl@carsonboxberger.com

Byron L. Myers
ICE MILLER
byron.myers@icemiller.com
julie.butler@icemiller.com